# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS K. BRASHEAR,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK, Warden<br><br>    Respondent. | 1:09-cv-00462-SMS (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE OF CASE NUMBER 1:09-cv-00344-GSA (HC) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Court Doc. 3.)

On February 25, 2009, Petitioner filed a federal petition for writ of habeas corpus in this Court. The petition was assigned case number "1:09-cv-00344-GSA HC," and the Court dismissed the original petition with leave to amend on March 24, 2009. (Court Doc. 7.) A first amended petition was filed on April 16, 2009. (Court Doc. 10.) The first amended petition challenges Petitioner's 2007 conviction in the Kings County Superior Court for battery upon a person confined in a state prison upon a non-confined person.

Petitioner filed a second federal petition for writ of habeas corpus on March 11, 2009. This petition has been assigned case number "1:09-cv-00462- SMS HC." This petition also challenges Petitioner's 2007 conviction out of Kings County Superior Court.

"After weighing the equities of the case, the district court may exercise its discretion to

1

dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." <u>Adams v. California Dept. of Health Services</u>, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" <u>Adams</u>, 487 F.3d at 688 (quoting <u>Walton v. Eaton Corp.</u>, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. <u>Adams</u>, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. <u>Id</u>. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." <u>Kourtis v. Cameron</u>, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." <u>Adams</u>, 487 F.3d at 691 (citing <u>Kourtis</u>, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." <u>Adams</u>, 487 F.3d at 691 (quoting <u>Kourtis</u>, 419 F.3d at 996).

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. <u>Adams</u>, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action." <u>Adams</u>, 487 F.3d at 694 (quoting <u>Flynn v. State Bd. of Chiropractic Exam'rs</u>, 418 F.2d 668, 668 (9th Cir.1969) (per curiam)).

Because the instant petition challenges the same convictions as the petition currently pending in case number "1:09-cv-00344 GSA HC," the instant petition must be dismissed as duplicative. To the extent Petitioner seeks to pursue his remedies with respect to the underlying 2007 conviction, he must do so in the original case.

ORDER

| | |
|---|---|
| 1 | Based on the foregoing, it is HEREBY ORDERED that the instant petition for writ of |
| 2 | habeas corpus is DISMISSED as duplicative. |
| 3 | |
| 4 | IT IS SO ORDERED. |
| 5 | **Dated:  April 28, 2009**            /s/ Sandra M. Snyder |
| 6 |                                                  UNITED STATES MAGISTRATE JUDGE |